**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0968-19
                         A-2067-19

KASEEM ALI-X, a/k/a
JESSIE TUCKER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 14, 2021 – Decided May 26, 2021

Before Judges Whipple and Rose.

On appeal from the New Jersey Department of Corrections.

Kaseem Ali-X, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Tasha M. Bradt, Deputy Attorney General, and Nicholas Falcone, Deputy Attorney General, on the briefs).

PER CURIAM

In these back-to-back cases, Kaseem Ali-X appeals from two decisions of the New Jersey Department of Corrections (DOC) affirming determinations a disciplinary hearing officer rendered on September 16, 2019, and July 16, 2019, adjudicating Ali-X guilty of committing prohibited act .709, failure to comply with a written rule or regulation of the correctional facility, N.J.A.C. 10A:4-4.1. We affirm.

I.

Ali-X is an inmate at New Jersey State Prison (NJSP) serving a sentence of thirty-five years to life for murder and other crimes. We discern the following from A-2067-19. In March 2019, Ali-X submitted an inquiry via the JPay Inmate Remedy System asking prison staff to replace his damaged toilet brush. On April 9, 2019, Ali-X submitted a grievance via JPay regarding the toilet brush. One week later, Security Major Craig Sears responded to Ali-X that the matter "should be handled directly with the housing officer. Area supervisor advised, next supplies delivery your unit will get a new brush." On April 25, 2019, Ali-X appealed the April 9 grievance and submitted another grievance about the toilet brush. There he wrote that his complaint should have been resolved immediately once it occurred. On April 28, Ali-X submitted another

grievance about the toilet brush asking whether prison policy required unit officers to remove and report broken equipment from the housing units; Major Sears responded it did not. On May 7, Ali-X submitted another grievance calling for a new policy to be established regarding maintenance equipment used by inmates.

On May 12, Major Sears advised Ali-X that submitting multiple remedies on the same subject is a violation of the rules and regulations and is subject to disciplinary action. Ali-X appealed his May 7 grievance. A DOC employee, Michael Crawford responded, advising Ali-X "the officers on your unit are aware of how to obtain new equipment and what to do with any broken equipment."

Three days later, Major Sears again advised Ali-X: "This is at least the third time I've read an inquiry from you regarding this subject. It has been answered. You will receive disciplinary charges if you continue." Major Sears advised Ali-X of the NJSP policy in abuse of the Inmate Remedy System again on June 3. Undeterred, on June 14, Ali-X submitted another grievance about the toilet brush.

On June 17, another DOC employee, Mitchell Magpiong, reviewed Ali-X's grievance of June 14, and noted that Ali-X had "submitted [seven] previous

A-0968-19

JPay remed[ies] regarding the same issue." Magpiong completed a disciplinary report, chronicling how Ali-X's repeated submissions violated the policy against abusing the Inmate Remedy System, and that Major Sears had advised Ali-X of that policy multiple times and "informed him that multiple requests submitted regarding the same subject are prohibited and are subject to disciplinary action." Ali-X was charged with prohibited act .709, failure to comply with a written rule or regulation of the correctional facility. Magpiong completed the disciplinary report on June 17, and Ali-X received notice of the disciplinary charge the next day. Ali-X did not make a statement as part of the investigation. Sergeant Bezek reported that Ali-X was uncooperative during his investigation.

Ali-X ultimately confirmed that he understood the charge against him and requested the assistance of a counsel substitute, which the DOC granted. The DOC held the disciplinary hearing on June 21, 2019. Ali-X was offered the opportunity to call witnesses, and confront and cross-examine witnesses, but he declined to do so. Ali-X pleaded not guilty to the .709 charge. At the hearing, Ali-X said in his statement regarding his June 14, 2019 grievance: "I filed a complaint that a broken toilet brush was still being used after being told it was going to be replaced." His counsel substitute added that "[t]he grievances were staggered over [a three-month] period. I can't say they really constitute abuse

4

of [the] JPay system. Some entries are duplicated." The hearing officer found Ali-X guilty of failure to comply with a written rule or regulation of the correctional facility. The hearing officer found that Ali-X submitted seven JPay inquiries or grievances about the same issue, despite being informed three different times that abuse or misuse of the JPay system will result in disciplinary action. The hearing officer also noted that, while Ali-X pleaded not guilty, he provided no evidence to discredit staff reports or other evidence. The hearing officer relied on the JPay grievances and inquiries that Ali-X submitted to support the charges as written.

The hearing officer imposed thirty days' loss of JPay and fifteen days' loss of recreation privileges. The Classification Department authorized those sanctions. The hearing officer granted Ali-X leniency in imposing sanctions, given that his last charge was in 2012. But the hearing officer also noted that Ali-X was advised three different times about abuse of the JPay system and continued to submit grievances anyway. Ali-X appealed the finding of guilt on June 25, 2019. The DOC upheld the hearing officer's decision on July 16, 2019. This appeal followed.

A-0968-19

II.

The record of the second appeal, A-0968-19, reveals that on September 11, 2019, Magpiong was reviewing JPay Inmate Remedy submissions, and noticed Ali-X submitted four JPay remedy request forms not regarding his previous complaint, but to receive a copy of unit appeal form 256-I. He issued Ali-X charges for .709, failure to comply with a written rule or regulation of the correctional facility. Sergeant M. Edwards served the disciplinary charge on Ali-X, investigated, and referred the charge to a hearing officer for further action.

The disciplinary hearing was held on September 16, 2019. Ali-X pleaded not guilty to the charge against him and requested the assistance of counsel substitute, which was granted. He and his counsel substitute were also granted the opportunity to make a statement on his behalf. Ali-X maintained he was attempting to receive a copy of form 256-I. Ali-X was permitted the opportunity to request written statements and confront and cross-examine adverse witnesses, but he declined.

After considering all the testimony presented and evidence proffered, the hearing officer found Ali-X guilty of .709. The hearing officer found Ali-X submitted four JPay inquiries regarding the same issue. Moreover, exhibit A4

reflected that the "form 256-I was left in Ali-X's cell by" a courtline officer, and Ali-X did not discredit the evidence.

Ali-X was sanctioned with thirty days' administrative segregation, thirty days' loss of commutation time, and thirty days' loss of JPay email privileges. In imposing the sanctions, the hearing officer reasoned that Ali-X "must follow directions [and] responses [received] via JPay." The hearing officer explicated "if he feels his answer was not handled, he should speak [with] the social worker [and/or] a paralegal." The hearing officer also emphasized she "addressed [Ali-X's] concern about unit appeal forms [by] requesting carbon copy forms to be put [in the] unit."

Ali-X administratively appealed the decision of the hearing officer, arguing his "filings were secondary to staff violation." Assistant Superintendent Amy Emrich upheld the decision and the sanctions imposed by the hearing officer on September 16, 2019. This appeal followed.

On appeal in A-2067-19 and A-0968-19, Ali-X argues:

> THE FINAL DECISION OF THE [DOC] MUST BE REVERSED BECAUSE ALI-X WAS DEPRIVED OF PROCEDURAL DUE PROCESS TO WHICH HE IS ENTITLED (Not Raised Below).

In his reply brief in A-2067-19, Ali-X argues:

7

DOC'S FINAL DECISION OF GUILTY IS IN VIOLATION OF LAW.

In his reply brief in A-0968-19, Ali-X also argues:

DOC'S ARBITRARY DECISION IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

We have considered Ali-X's arguments in light of the record and applicable legal standards and find them to be without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

Our review of final administrative agency decisions is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). An administrative agency's decision will not be reversed unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

The Inmate Handbook specifically states:

Inmates who abuse or misuse the Inmate Remedy System may be subject to disciplinary action. Examples of abuse include, but are not limited to:

8

Multiple requests submitted regarding the same subject.

Follow-up requests submitted prior to the expiration of the established response time frames.

Requests that are, by tone or language, abusive or offensive in nature.

Destruction, misuse of, or tampering with forms.

Ali-X submitted seven inquiries on the issue of the toilet brush despite having received responses. Ali-X also submitted four JPay remedy requests regarding the form 256-I.

Ali-X further asserts he was denied due process. Although inmates are not entitled to the same due process protections as criminal defendants, they are guaranteed certain limited protections. See McDonald v. Pinchak, 139 N.J. 188, 194 (1995); Avant v. Clifford, 67 N.J. 496, 523 (1975). Here, Ali-X was given written notice of the charge at least twenty-four hours before the hearing, he was provided with counsel substitute, he was offered an opportunity to call and confront witnesses, and he received a written statement of the evidence relied upon and the reasons for the discipline. We find nothing in the record to suggest that this determination was arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0968-19